1 | LESLIE A. BOWER, SBN200899
JEFFREY D. MONTEZ SBN260192
2 | BOWER & ASSOCIATES, APLC
92 Argonaut, Suite 120
3 | Aliso Viejo, CA 92656
Mailing Address: PO Box 11748
4 | Newport Beach, CA 92658
Tel: (949)719-1151
5 | Fax: (949)215-9585
Email: leslie@labowerlaw.com
6 |       jeff@labowerlaw.com

7 | Attorneys for Defendants

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| JAMES RUTHERFORD, an individual, | **CASE NO. 5:18-cv-02658-DSF-SP** |
|---|---|
| Plaintiff, | **ANSWER TO COMPLAINT BY DEFENDANTS GREGG RICE, erroneously sued as "GREG RICE," AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017** |
| v. | |
| SAIGON DISH, a business of unknown form; GREGG RICE, erroneously sued as "GREG RICE," AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017; and DOES 1-10, inclusive, | |
| Defendants. | |

Comes now Defendants GREGG RICE, erroneously sued as "GREG RICE," AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017 and answer for themselves and themselves only Plaintiff's Complaint ("Complaint"), as follows:

**PARTIES:**

1.     Answering paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis deny such allegations. In addition, paragraph 1 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to

1  admit or deny.

2      2.      Answering paragraph 2 of the Complaint, Defendants are without sufficient
3  knowledge or information to form a belief as to the truth of the allegations of this paragraph
4  and on that basis deny such allegations.

5      3.      Answering paragraph 3 of the Complaint, Defendants admit that in July of
6  2018 the Property was owned by the aforementioned trust, for which the Defendants
7  serve as trustees.

8      4.      Answering paragraph 4 of the Complaint, Defendants admit the Property is
9  owned by the aforementioned trust, for which the Defendants serve as trustees.

10     5.      Answering paragraph 5 of the Complaint, Defendants are without sufficient
11 knowledge or information to form a belief as to the truth of the allegations of this paragraph
12 and on that basis deny such allegations.

13     6.      Answering paragraph 6 of the Complaint, Defendants are without sufficient
14 knowledge or information to form a belief as to the truth of the allegations of this paragraph
15 and on that basis deny such allegations.

16     7.      Answering paragraph 7 of the Complaint, Defendants are without sufficient
17 knowledge or information to form a belief as to the truth of the allegations of this paragraph
18 and on that basis deny such allegations. In addition, paragraph 7 of the Complaint
19 contains legal conclusions and statements of opinion that Defendants are not required to
20 admit or deny. To the extent a further response is deemed necessary, Defendants deny
21 each and every allegation contained in paragraph 7.

22                          **JURISDICTION & VENUE**

23     8.      Answering paragraph 8 of the Complaint, Defendants admit that Plaintiff
24 alleges that this Court has original jurisdiction under 28 U.S.C. § 1331 and §1343
25 1343(a)(3) & (a)(4) for alleged violations of the Americans with Disabilities Act of 1990,
26 42 U.S.C. § 12101, et seq. ("ADA").

27     9.      Answering paragraph 9 of the Complaint, Defendants deny that this Court
28 currently has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367. See *Organization for Advancement of Minorities with Disabilities v Brick Oven Rest.* (S.D. Cal. 2005) 406 F. Supp. 2d 1120; *Sanford v. Del Taco* (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 69475 [Court declines to continue exercising supplemental jurisdiction over Plaintiff's state claims. See 28 U.S.C. § 1367(c)(1), (2).]. Defendants reserve their rights to request that this Court decline to exercise supplemental jurisdiction over Plaintiff's claims and allegations founded in state law (including, but not limited to Plaintiff's "damages" claims, claims purportedly based on California's Business & Professions Code, and claims purportedly based on California's Health & Safety Code).

10.     Answering paragraph 10 of the Complaint, Defendants admit that venue is proper as Plaintiff's Complaint alleges that Plaintiff's claims arose Los Angeles County, California.

## **FACTUAL ALLEGATIONS**

11.     Answering paragraph 11 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, deny said allegations.

12.     Answering paragraph 12, of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, deny said allegations.

13.     Answering paragraph 13, of the Complaint, Defendants admit that parking spaces are one of the facilities, privileges and advantages reserved by Defendants to persons at the property dining at Business.

14.     Answering paragraph 14 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny said allegations. In addition, paragraph 14 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 14.

///

15.     Answering paragraph 15 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny said allegations. In addition, paragraph 15 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 15.

16.     Answering paragraph 16 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, deny said allegations. In addition, paragraph 16 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 16.

17.     Answering paragraph 17 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, deny said allegations. In addition, paragraph 17 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 17.

18.     Answering paragraph 18 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, deny said allegations. In addition, paragraph 18 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 18.

19.     Answering paragraph 19 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, on that basis, deny said allegations. In addition, paragraph 19 of the Complaint contains legal conclusions and statements of opinion that Defendants are not

1  required to admit or deny. To the extent a further response is deemed necessary,
2  Defendants deny each and every allegation contained in paragraph 19.

3      20.      Answering paragraph 20 of the Complaint, Defendants are without sufficient
4  knowledge or information to form a belief as to the truth of the allegations of that Plaintiff
5  personally encountered this barrier or any other barriers (both physical and intangible)
6  that interfered with – if not outright denied – Plaintiff's ability to use and enjoy the goods,
7  services, privileges and accommodations offered at those facilities and on that basis deny
8  such allegations. Investigation with respect to Plaintiff, Plaintiff's litigation history, and
9  Plaintiff's allegations are ongoing.

10     21.      Answering paragraph 21 of the Complaint, Defendants lack information or
11 knowledge sufficient to form a belief as to the truth of the allegations contained in
12 paragraph 21 and, on that basis, deny said allegations. In addition, paragraph 21 of the
13 Complaint contains legal conclusions and statements of opinion that Defendants are not
14 required to admit or deny. To the extent a further response is deemed necessary,
15 Defendants deny each and every allegation contained in paragraph 21.

16     22.      Answering paragraph 22 of the Complaint, Defendants lack information or
17 knowledge sufficient to form a belief as to the truth of the allegations contained in
18 paragraph 22 and, on that basis, deny said allegations. In addition, paragraph 22 of the
19 Complaint contains legal conclusions and statements of opinion that Defendants are not
20 required to admit or deny. To the extent a further response is deemed necessary,
21 Defendants deny each and every allegation contained in paragraph 22.

22     23.      Answering paragraph 23 of the Complaint, Defendants lack information or
23 knowledge sufficient to form a belief as to the truth of the allegations contained in
24 paragraph 23 and, on that basis, deny said allegations. In addition, paragraph 23 of the
25 Complaint contains legal conclusions and statements of opinion that Defendants are not
26 required to admit or deny. To the extent a further response is deemed necessary,
27 Defendants deny each and every allegation contained in paragraph 23.

28 ///

24.     Answering paragraph 24 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, on that basis, deny said allegations. In addition, paragraph 24 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 24.

25.     Answering paragraph 25 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, on that basis, deny said allegations. In addition, paragraph 25 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 25.

26.     Answering paragraph 26 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, on that basis, deny said allegations. In addition, paragraph 26 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 26.

27.     Paragraph 27 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 27.

28.     Paragraph 28 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 28.

///

///

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

**42 U.S.C. § 12181 _et seg._**

29.     Defendants re-allege their responses to all prior paragraphs of the Complaint, and facts pled elsewhere in the Complaint and incorporates them by reference as if fully set forth herein. Defendants deny the remaining allegations of paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 30.

31.     Paragraph 31 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 31.

32.     Paragraph 32 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 32.

33.     Paragraph 33 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 33.

34.     Answering paragraph 34 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, on that basis, deny said allegations. In addition, paragraph 34 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary,

Defendants deny each and every allegation contained in paragraph 34.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT,

## CALIFORNIA CIVIL CODE § 51 et seq.

35.     Answering paragraph 35 of the Complaint, Defendants re-allege their responses to all prior paragraphs of the Complaint, and facts pled elsewhere in the Complaint and incorporates them by reference as if fully set forth herein. Defendants deny the remaining allegations of paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 36.

37.     Paragraph 37 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 37.

38.     Answering paragraph 38 of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, on that basis, deny said allegations. In addition, paragraph 38 of the Complaint contains legal conclusions and statements of opinion that Defendants are not required to admit or deny. To the extent a further response is deemed necessary, Defendants deny each and every allegation contained in paragraph 38.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendants plead the following separate and additional defenses to the Complaint but does not admit or concede that Defendants have the burden of proof as to any of the defenses set forth below.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

Defendants, for a separate and addition defense, assert that the complaint fails to state facts sufficient to constitute a valid cause of action or claim upon which relief can be granted against Defendants for purported violations of the Americans with Disabilities Act, California's Health & Safety Code, California's Unruh Act, or California's Unfair Competition Act and/or California's Disabled Persons' Act (or any applicable subparts thereof).

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

As an additional defense, Defendants allege upon information and belief that Plaintiff lacks standing to bring the causes of action set forth in the complaint.  Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in his Complaint and any alleged barriers for which she has failed to explain how they impaired her personal ability to access the premises or impaired his alleged personal enjoyment of the same. Accordingly, Plaintiff's Complaint was at the time of filing and is currently defective and subject to a motion to strike and/or the Court's own termination.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or notice requirements (again, according to the purported history of patronizing and/or attempting to patronize the subject property).

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff may be estopped from recovering any relief against Defendants depending upon Plaintiff's purported history of patronizing and/or attempting to patronize the subject property.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

As an additional affirmative defense, Defendants upon information and belief assert that the alleged claims in the complaint are barred to the extent Plaintiff, a frequent filer of identical claims for "access discrimination" failed to mitigate his damages or, in fact, proactively sought out an opportunity to sue and claim entitlement to damages and

1  fees.

2  **SIXTH SEPARATE AND ADDITIONAL DEFENSE**

3  Defendants upon information and belief assert that the alleged claims in the

4  complaint are barred to the extent that damages, if any, resulted from the acts and/or

5  omissions of Plaintiff or others. Defendants allege upon information and belief that, if

6  Plaintiff sustained any damage or injury either as alleged in the complaint, or at all, the

7  same was directly and proximately caused and/or contributed to by the negligence,

8  recklessness, carelessness, fault, intentional conduct and/or unlawful conduct of Plaintiff

9  or other individuals or entities, whether or not parties to this action, and damages of

10 Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault

11 attributable to Plaintiff and/or such other persons or entities, whether or not parties to this

12 action.

13 **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

14 Before filing his Complaint, Plaintiff failed upon information and belief to provide

15 notice to the Defendants of any barriers to his access to or use of the premises in

16 question, or give Defendants an opportunity to cure any purported deficiencies, and

17 therefore he cannot be entitled to compensatory or punitive damages, injunctive relief, or

18 reimbursement for his attorney fees.

19 **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

20 Plaintiff's claims are upon information and belief barred by the equitable doctrines

21 of estoppel, unclean hands, unjust enrichment, laches, waiver, and any other available

22 equitable defense. Without limitation, upon information and belief, Plaintiff failed to take

23 reasonable measures to learn of or use the accessible facilities at these premises.

24 Further, Plaintiff failed upon information and belief to request any adaptations,

25 modifications, alternative services, or other changes to the premises from Defendants

26 prior to initiating this lawsuit.

27 **NINTH SEPARATE AND ADDITIONAL DEFENSE**

28 Defendants assert upon information and belief that Plaintiff is not entitled to

statutory damages because at all relevant times Defendants acted in good faith in an effort to comply with all state and federal laws and regulations.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

Defendants asserts upon information and belief that Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification, removal or remediation of such barriers is not readily achievable, not structurally practical, not technically feasible, and would constitute an undue burden upon Defendants.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Defendants assert upon information and belief Plaintiff's claims are barred in whole or in part on the ground that the subject premises have been made accessible to disabled customers to the maximum extent feasible.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Defendants assert upon information and belief that Plaintiff's claims are barred in whole or in part because, to the extent any architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this affirmative defense), such barriers are within conventional building industry tolerances and/or permissible state and federal dimensional tolerances.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

Defendant asserts upon information and belief that Plaintiff's claims are barred because he has not been harmed or injured as a result of the alleged conduct by Defendants. Accordingly, Plaintiff has no standing to assert any of his federal and/or state claims regarding damages or requested relief – whether statutory or otherwise.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendants and, if he visited the premises, he visited solely for purposes of initiating the instant litigation.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

1    As an additional defense, Defendants alleges upon information and belief that all
2    of Plaintiff's claims are barred because reasonable accommodations, equivalent
3    facilitation, and accessible facilities were offered to Plaintiff.

4    / / /

5    **SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

6    Plaintiff's claims are barred to the extent investigation and discovery shows that
7    the "violations" he claims to have encountered and the changes he claims to seek never
8    existed and/or are now moot.

9    **SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

10   Defendants assert upon information and belief that the ADA and California's Title
11   24 do not apply because the facility was built and/or modified prior to the dates that the
12   ADA and California's Title 24 were enacted. Further, Defendant asserts upon information
13   and belief that the Disabled Persons Act and Unruh Act do not apply to this answering
14   Defendants as alleged because this facility was built and/or modified prior to the date
15   these dates were amended to incorporate any standards as set forth in 28 U.S.C. §12101
16   et seq.

17   **EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

18   Upon information and belief, Plaintiff's claims are barred, in whole or in part,
19   because Plaintiff was not a bona fide patron of Defendants' tenant and, if he visited the
20   premises, he visited solely for purposes of initiating the instant litigation.

21   **NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

22   Defendants believe upon information and belief and based upon such information
23   and belief allege that Plaintiff was not deterred from visiting the subject premises and
24   therefore any such claims for deterrence "damages" are improper and barred.

25   **TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

26   Defendants believe and based upon such information allege that Plaintiff is
27   estopped from seeking the relief herein due to his own acts and/or omissions with
28   reference to the subject matter of the complaint.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

All of Plaintiff's claims are barred to the extent that Plaintiff lack standing and, additionally, to the extent that Plaintiff has failed to establish his standing, entitlement to "damages" of any nature, sufficient jurisdictional allegations, and sufficient jurisdictional facts to comply with the pleading requirements under *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011). Accordingly, Plaintiff's Complaint is defective and subject to immediate dismissal.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because Plaintiff, upon information and belief, suffered no damages of any nature as a result of the alleged conduct and/or purported omissions.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional defenses available. Defendants reserve the right to assert additional defenses in the event discovery or further analysis indicates that additional, unknown or unstated defenses would be applicable. Defendants further reserve the right to withdraw current affirmative defenses, as pled herein, in the event discovery or further analysis indicates such defenses are inapplicable to the instant dispute.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief and judgment as follows:

1      1.      That Plaintiff takes nothing by his Complaint;

2      2.      That Judgment be rendered in favor of Defendants and that the Complaint

3  be dismissed with prejudice;

4      3.      That Defendants be awarded its costs of suit incurred in the defense of this

5  action;

6      4.      That Defendants be awarded its attorney fees incurred in defending this

7  action; and

8      5.      For such other and further relief as this Court deems just and proper.

9

10

Date: February 13, 2019              BOWER & ASSOCIATES, APLC

11

12                                    By: /s/ Jeffrey D. Montez
                                       Jeffrey D. Montez
13                                     Attorney for Defendants GREGG RICE,
                                       erroneously sued as "GREG RICE," AND
14                                     JULIANNA RICE, AKA JULI RICE, Trustees of
                                       THE GREGG AND JULIANNA RICE 2017
15                                     REVOCABLE TRUST, DATED NOVEMBER
                                       29, 2017
16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Jeffrey D. Montez, am over the age of 18 years and not a party to the within action; my business address is 92 Argonaut Ste 120, Aliso Viejo, CA 92656.

On February 13, 2019, I caused the document described as **ANSWER TO COMPLAINT BY DEFENDANTS GREGG RICE, erroneously sued as "GREG RICE," AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017** to be served upon the parties in case number **5:18-cv-02658-DSF-SP** as follows:

*On all parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-referenced case caption.*

Via Notice of Electronic Filing generated by the Court's CM/ECF filing system, pursuant to the Court's Local Rules to the addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: February 13, 2019    By:  /s/  Jeffrey D. Montez

**PARTY SERVED:**

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)

Michael J. Manning, Esq. (State Bar No. 286879)

Craig G. Côté, Esq. (State Bar No. 132885)

Osman M. Taher, Esq. (State Bar No. 272441)

MANNING LAW, APC

4667 MacArthur Blvd., Suite 150

Newport Beach, CA 92660

Office: (949) 200-8755

ADAPracticeGroup@manninglawoffice.com

*Attorneys for Plaintiff James Rutherford*