Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff: JAMES RUTHERFORD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>SAIGON DISH, a business of unknown form; GREG RICE AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 5:18-cv-02658-DSF-SP<br><br>**DECLARATION OF DAVID M. FITZGERALD IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**<br><br>**DATE:** August 26, 2019<br>**TIME:** 1:30 p.m.<br>**COURTROOM:** 7D<br><br>**HON. DALE S. FISCHER** |

MANNING LAW, APC
20062 S.W. BIRCH ST., STE. 200
NEWPORT BEACH, CA 92660

I, David M. Fitzgerald, hereby declare under the penalty of perjury that the foregoing is true and correct:

1.  I am an attorney and employee of Manning Law, APC, the firm retained by Plaintiff JAMES RUTHERFORD ("Plaintiff") in the above-entitled action.

2.  I am licensed to practice law before this court and all California State courts.

3.  I have personal knowledge of the information contained in this Declaration and could testify to such if called to do so.

4.  I submit this Declaration in support of Plaintiffs' Motion for Leave to Amend Plaintiff's Complaint.

5.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Proposed First Amended Complaint.

6.  Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Proposed First Amended Complaint that shows through redlining how the Proposed Amended Complaint differs from the Complaint.

7.  Since Plaintiff completed his inspection of the Subject Property on July 10, 2019, Plaintiff intended to file an amended complaint to accurately reflect the condition of the Subject Property. This was an intention that was made clear at the outset in Plaintiff's Complaint filed on December 26, 2018. (Complaint at p. 6) [ECF No.1]. In an email on July 16, 2019 that had the proposed First Amended Complaint as an attachment, Counsel for Plaintiff attempted to contact Counsel for Defendant. Despite having communicated with Counsel for Defendant via email on other occasions previously, Counsel for Plaintiff received no response.

//

//

//

MANNING LAW, APC
20062 S.W. BIRCH ST., STE. 200
NEWPORT BEACH, CA 92660

---

**DECLARATION OF DAVID M. FITZGERALD**

I declare under penalty and perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.  Executed on the 22nd day of July 2019, at Newport Beach, California.

Dated: July 22, 2019

By: _____
David M. Fitzgerald

MANNING LAW, APC
20062 S.W. BIRCH ST., STE. 200
NEWPORT BEACH, CA 92660

---

**DECLARATION OF DAVID M. FITZGERALD**

EXHIBIT 1

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff:  JAMES RUTHERFORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SAIGON DISH, a business of unknown form; GREG RICE AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:18-cv-02658-DSF-SP <br><br> **First Amended Complaint For Damages And Injunctive Relief For:** <br><br> 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** <br><br> 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*** |

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants

GREG RICE AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG

1

AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017; and DOES 1-10 ("Defendants") and alleges as follows:

## PARTIES:

1.      Plaintiff is an adult California resident.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.      Defendants GREG RICE AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017, owned the property located at 15725 Hawthorne Blvd Ste 108, Lawndale, CA 90260 ("Property") on July of 2018.

3.      Defendants GREG RICE AND JULIANNA RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST, DATED NOVEMBER 29, 2017, owns the Property currently.

4.

5.      Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a

2
FIRST AMENDED COMPLAINT

joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

7.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

9.     Plaintiff went to the Business on or about July of 2018 for the dual purpose of having lunch and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law.

10.     The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

11.     Parking spaces are some of the facilities, privileges and advantages reserved by Defendants to persons patronizing the Business and Property.

12.     Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the

FIRST AMENDED COMPLAINT

named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around July of 2018, or at any time thereafter up to and including, the date of the filing of this First Amended Complaint.

13.     Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: the curb ramp at the accessible parking space access aisle serving the store entrances projects into the access aisle in violation of Section 406.5 (which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles; parking spaces and access aisles serving them shall comply with 302;  access aisles shall be at the same level as the parking spaces they serve; and changes in level are not permitted) and there is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site).

14.     As a result of the filing of the Complaint on December 26, 2018, Defendants have attempted to perform renovations to remedy the architectural barriers Plaintiff encountered during his initial visit in July of 2018; however, architectural barriers continue to exist on the Business and Property, including areas Defendants have attempted to remediate.

15.     On July 10, 2019, a Certified Access Specialist ("CASp") inspected the Subject Property and identified the following barriers at the Business and Property[1]: the accessible route from the accessible parking area to the entrance of the Business contains cross slopes measures between 2.3% and 3.8%, exceeding the maximum allowed (Section 403.3); the lower ramp run from the public right of way is missing required handrails on one side (Section 405.8; 505.2); and the accessible route from

---

[1] See attached as Exhibit A the "CASp Inspection" prepared for the Subject Property by Kenneth Arrington, dated June 10,2019.

FIRST AMENDED COMPLAINT

the public right of way to the entrance contains a cross slope measuring between 2.3%-3.3%, exceeding the maximum allowed (Section 403.3).

16. Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces were compliant for persons with disabilities and remained compliant prior to July of 2018.

17. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and comport with the ADAAG.

18. The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall, or trip hazard because they contain a built up curb ramp and cross slopes.

19. Plaintiff personally encountered the above alleged barriers when attempting to access the Business and Property. The presence of these barriers, which relate to Plaintiff's disability, denies Plaintiff his right to enjoy accessible conditions at public places of accommodation and invades his legally cognizable interests created under the ADA.

20. The conditions identified *supra* in paragraphs 14 and 16 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting, in addition to limitations in twisting, turning, and grasping objects. Plaintiff is also the holder of a disabled parking placard. Therefore, the enumerated conditions identified *supra* relate to Plaintiff's legally recognized disability because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, relate to the safety of the accessible path to the accessible entrance, and because a van accessible space may be used by the driver of a vehicle other than a van.

21.   As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use the Property has been significantly impeded. More specifically, the conditions which were related to Plaintiff's legally recognized disabilities interfered with his full and equal enjoyment of the Property because he was required to ambulate across an excessively sloped accessible pathway to the accessible entrance causing him unnecessary difficulty and subjecting him to unnecessary risk while using his cane. Further, the presence of these conditions deters Plaintiff from returning while using his Rollator walker or wheelchair until such time as the Property is rendered accessible The condition of the floor and ground surfaces had the same effect on Plaintiff. The excessively steep ramp, which also lacks one of the ADAAG required railings, required Plaintiff to ambulate up and down an excessively sloped ramp to and from the accessible entrance, causing him unnecessary difficulty and subjecting him to unnecessary risk while using his cane. FThe presence of these conditions deters Plaintiff from returning while using his Rollator walker or wheelchair until such time as the Property is rendered accessible. The condition of the faucet knobs in the men's water closet, which caused Plaintiff unnecessary difficulty while using the sink, as well as the other enumerated conditions in the men's water closet, in particular the lack of space, deter Plaintiff from returning while using his cane, Rollator walker or wheelchair until such time as the Property is rendered accessible.

22.   Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23.   Plaintiff intends to return to the Property for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Defendants cease evading their responsibilities under federal and state law.

24.   Plaintiff would also like to return to the location given its close proximity to the City of Los Angeles with its many attractions as well as the coastal

areas frequented by Plaintiff and his fiancé.  Plaintiff and his fiancé also desire to enjoy the food at the Saigon Dish restaurant, which is a highly rated destination for authentic Vietnamese food.

25.    Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

26.    The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27.    The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28.    Given the obvious and blatant violation alleged hereinabove, the Defendants are on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.  See *Doran v. 7-11,*  524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

29.    Defendants were sued for substantially similar violations of the ADA and UCRA in an action styled *Chris Langer v. East Valley Parkway Mall, LLC et al* in December of 2015 (SDCA Case No. 15CV2960) (the "Prior Action").  The Prior Action settled in April of 2016 and the parties' joint motion to dismiss was granted.  On information and belief, the settlement of the Prior Action required the settling Defendants to make the Property accessible within the meaning of federal and state

law.  Nonetheless, the parking at the Property continues to be maintained in an inaccessible condition.

30.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) the Prior Action put Defendants on notice of the barriers at the Property and of their legal obligations and Defendants agreed to remediate the access barriers at the Property as part of the agreed resolution of the Prior Action; (2) these particular barriers are intuitive and obvious; (3) the Defendants exercised control and dominion over the conditions at this location, and therefore, (4) the lack of accessible facilities was not an accident because had the Defendants intended any other configuration, they had the means and ability to make the change.

31.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

32.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

33.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

        a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

1  accommodations to individuals with disabilities, unless the

2  accommodation would work a fundamental alteration of those

3  services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

4     b.    A failure to remove architectural barriers where such removal is

5           readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

6           defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

7           Appendix "D".

8     c.    A failure to make alterations in such a manner that, to the

9           maximum extent feasible, the altered portions of the facility are

10          readily accessible to and usable by individuals with disabilities,

11          including individuals who use wheelchairs, or to ensure that, to

12          the maximum extent feasible, the path of travel to the altered area

13          and the bathrooms, telephones, and drinking fountains serving

14          the area, are readily accessible to and usable by individuals with

15          disabilities.  42 U.S.C. § 12183(a)(2).

16     34.    Any business that provides parking spaces must provide accessible

17  parking spaces. 1991 Standards § 4.1.2(5).  2010 Standards § 208.  Under the 1991

18  Standards, parking spaces and access aisles must be level with surface slopes not

19  exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.  Under the 2010

20  Standards, access aisles shall be at the same level as the parking spaces they serve.

21  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are

22  required to be nearly level in all directions to provide a surface for wheelchair

23  transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Specifically, built

24  up curb ramps are not permitted to project into access aisles and parking spaces.  Id.

25  No more than a 1:48 slope is permitted.  Standards § 502.4.

26     35.    Here, the failure to ensure that accessible facilities were available and

27  ready to be used by Plaintiff is a violation of law.

28     36.    A public accommodation must maintain in operable working condition

9

FIRST AMENDED COMPLAINT

1  those features of its facilities and equipment that are required to be readily accessible
2  to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

3       37.    Given its location and options, Plaintiff will continue to desire to
4  patronize the Business but he has been and will continue to be discriminated against
5  due to lack of accessible facilities and, therefore, seek injunctive relief to remove the
6  barriers.

7       38.    Upon being informed that the public place of accommodation has
8  become fully and equally accessible, Plaintiff will return within 45 days as a "tester"
9  for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement*
10 *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

11 **<u>SECOND CAUSE OF ACTION</u>**
12 **<u>VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL**</u>
13 **<u>CODE § 51 *et seq*.</u>**

14      39.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged
15 above and each and every other paragraph in this First Amended Complaint
16 necessary or helpful to state this cause of action as though fully set forth herein.

17      40.    California Civil Code § 51 *et seq*. guarantees equal access for people
18 with disabilities to the accommodations, advantages, facilities, privileges, and
19 services of all business establishments of any kind whatsoever.  Defendants are
20 systematically violating the UCRA, Civil Code § 51 *et seq*.

21      41.    Because Defendants violate Plaintiff's rights under the ADA, they also
22 violated the Unruh Civil Rights Act and are liable for damages.  (Civ. Code § 51(f),
23 52(a).)  These violations are ongoing.

24      42.    Defendants' actions constitute discrimination against Plaintiff on the
25 basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et*
26 *seq*.  Plaintiff is informed and believes and thereon alleges Defendants have been
27 previously put on actual notice that its premises are inaccessible to Plaintiff as above
28 alleged.  Despite this knowledge, Defendants maintain the Property and Business in

an inaccessible form.

## **PRAYER**

 **WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

 1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

 2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

 3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

 4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;


////

////

////

////

////

////

////

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby respectfully request a trial by jury on all appropriate issues

3    raised in this First Amended Complaint.

4

5    Dated: July 22, 2019            **MANNING LAW, APC**

6

7                                    By: /s/ Joseph R. Manning Jr., Esq.
                                         Joseph R. Manning Jr., Esq.
8                                        Michael J. Manning, Esq.
                                         Craig G. Côté, Esq.
9                                        Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

EXHIBIT 2

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   Michael J. Manning, Esq. (State Bar No. 286879)
2  Craig G. Côté, Esq. (State Bar No. 132885)
3  ~~Osman M. Taher, Esq. (State Bar No. 272441)~~
   **MANNING LAW, APC**
4  ~~4667 MacArthur Blvd., Suite 150~~20062 S.W. Birch Street, Suite 200
5  Newport Beach, CA 92660
   Office: (949) 200-8755
6  ~~ADAPracticeGroup~~DisabilityRights@manninglawoffice.com

7

8

9  Attorneys for Plaintiff:  JAMES RUTHERFORD

10

11             UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

13

14  JAMES RUTHERFORD, an              **Case No.** ~~5:18-cv-02658-DSF-SP~~
15  individual,
                                      **~~Complaint~~First Amended Complaint**
16          Plaintiff,                **For Damages And Injunctive Relief
                                      For:**
17  v.
                                      1. **VIOLATIONS OF THE**
18                                       **AMERICANS WITH DISABILITIES**
19  SAIGON DISH, a business of           **ACT OF 1990, 42 U.S.C. §12181** *et*
    unknown form; GREG RICE AND          *seq.* **as amended by the ADA**
20  JULIANNA RICE, AKA JULI              **Amendments Act of 2008 (P.L. 110-**
21  RICE, Trustees of THE GREGG          **325).**
    AND JULIANNA RICE 2017
22  REVOCABLE TRUST, DATED            2. **VIOLATIONS OF THE UNRUH**
23  NOVEMBER 29, 2017; and DOES          **CIVIL RIGHTS ACT, CALIFORNIA**
    1-10, inclusive,                     **CIVIL CODE § 51** *et seq.*
24
25          Defendants.
26

27

28      Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants

                              1

1    ~~SAIGON DISH, a business of unknown form;~~ GREG RICE AND JULIANNA

2    RICE, AKA JULI RICE, Trustees of THE GREGG AND JULIANNA RICE 2017

3    REVOCABLE TRUST, DATED NOVEMBER 29, 2017; and DOES 1-10

4    ("Defendants") and alleges as follows:

5                                    **PARTIES:**

6         1.     Plaintiff is an adult California resident.  Plaintiff is substantially limited

7    in performing one or more major life activities, including but not limited to:

8    walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping

9    objects.   As a result of these disabilities, Plaintiff relies upon mobility devices,

10   including at times a wheelchair, to ambulate.  With such disabilities, Plaintiff

11   qualifies as a member of a protected class under the Americans with Disabilities Act

12   ("ADA"), 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008

13   (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28

14   C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendant's facility and

15   prior to instituting this action, Plaintiff suffered from a "qualified disability" under

16   the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a

17   Disabled Person Parking Placard.

18        ~~2.     Plaintiff brings this action acting as a "private attorney general"  as~~

19   ~~permitted under the American with Disabilities Act of 1990 ("ADA")  to privatize~~

20   ~~enforcement of the ADA without the American tax payer(s) bearing the financial tax~~

21   ~~burden for such action.~~

22        ~~3.~~2.   Defendant~~s~~ GREG RICE AND JULIANNA RICE, AKA JULI RICE,

23   Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST,

24   DATED NOVEMBER 29, 2017, owned the property located at 15725 Hawthorne

25   Blvd Ste 108, Lawndale, CA 90260 ("Property") on July of 2018.

26        ~~4.~~3.   Defendant~~s~~ GREG RICE AND JULIANNA RICE, AKA JULI RICE,

2

~~COMPLAINT~~FIRST AMENDED COMPLAINT

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

1  Trustees of THE GREGG AND JULIANNA RICE 2017 REVOCABLE TRUST,

2  DATED NOVEMBER 29, 2017, owns the Property currently.

3          5.      Saigon Dish, a business entity form unknown, owned, operated and

4  controlled the business of  Saigon Dish ("Business") on July of 2018.

5          6.4.    Saigon Dish, a business entity form unknown, owns, operates and

6  controls the Business currently.

7          7.5.    Plaintiff does not know the true names of Defendants, their business

8  capacities, their ownership connection to the Property and Business, or their relative

9  responsibilities in causing the access violations herein complained of, and alleges a

10  joint venture and common enterprise by all such Defendants.  Plaintiff is informed

11  and believes that each of the Defendants herein, including Does 1 through 10,

12  inclusive, is responsible in some capacity for the events herein alleged, or is a

13  necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend

14  when the true names, capacities, connections, and responsibilities of the Defendants

15  and Does 1 through 10, inclusive, are ascertained.

16                           **JURISDICTION AND VENUE**

17          8.6.    This Court  has  subject matter  jurisdiction over this  action pursuant

18  to 28  U.S.C.  §  1331 and §  1343(a)(3) & (a)(4) for violations  of  the  Americans

19  with Disabilities  Act of 1990, 42  U.S.C. § 12101, et seq. ("ADA").

20          9.7.    This court has supplemental jurisdiction over Plaintiff's non-federal

21  claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA Unruh Civil Rights

22  Act, California Civil Code § 51 *et seq.*, ("UCRA") claims are so related to

23  Plaintiff's federal ADA claims in that they have the same nucleus of operative facts

24  and arising out of the same transactions, they form part of the same case or

25  controversy under Article III of the United States Constitution.

26          10.8.   Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

27  Property which is the subject of this action is located in this district and because

28  Plaintiff's causes of action arose in this district.

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

**FACTUAL ALLEGATIONS**

1   11.9.   Plaintiff went to the Business on or about July of 2018 for the dual purpose of having lunch and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law.to have lunch.

12.10. The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

13.11. Parking spaces are some of the facilities, privileges and advantages reserved by Defendants to persons patronizing the Business and Property.

14.12. Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around July of 2018, or at any time thereafter up to and including, the date of the filing of this complaintFirst Amended Complaint.

13.   Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: the curb ramp at the accessible parking space access aisle serving the store entrances projects into the access aisle in violation of Section 406.5 (which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles; parking spaces and access aisles serving them shall comply with 302;. aAccess aisles shall be at the same level as the parking spaces they serve;. and cChanges in level are not permitted);. and, there is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site).

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

14.     As a result of the filing of the Complaint on December 26, 2018, Defendants have attempted to perform renovations to remedy the architectural barriers Plaintiff encountered during his initial visit in July of 2018; however, the architectural barriers continue to exist on the Business and Property, including areas Defendants have attempted to remediate.

15.     On July 10, 2019, a Certified Access Specialist ("CASp") inspected the Subject Property and identified the following barriers at the Business and Property[1]: the accessible route from the accessible parking area to the entrance of the Business contains cross slopes measuresing between 2.3% and 3.8%, exceeding the maximum allowed (Section 403.3); the lower ramp run from the public right of way is missing required handrails on one side (Section 405.8; 505.2); and the accessible route from the public right of way to the entrance contains a cross slope measuring between 2.3%-3.3%, exceeding the maximum allowed (Section 403.3).

15.

16.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

17.     Plaintiff is informed and believes and thereon alleges that, currently, there are no compliant, accessible Business facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged *supra*.

18.16. Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces were compliant for persons with disabilities and remained compliant prior to July of 2018.

17.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currentlycomport with the ADAAG.

[1] See attached as Exhibit A the "CASp Inspection" prepared for the Subject Property by Kenneth Arrington, dated June 10, 2019.

COMPLAINTFIRST AMENDED COMPLAINT

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

19.18. The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall, hazard or trip hazard because they it contains a built up curb ramp and cross slopes.

19.   Plaintiff personally encountered the above alleged barriers when attempting to access the Business and Property.   These inaccessible conditions denied the Plaintiff full and equal access and caused him difficulty, humiliation, frustration and upset. The presence of these barriers, which related to Plaintiff's disability, denies Plaintiff his right to enjoy accessible conditions at public places of accommodation and invades his legally cognizable interests created under the ADA.

20.   The conditions identified *supra* in paragraphs 154 and 16 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting,  in addition to limitations in twisting, turning, and grasping objects.; and Plaintiff is also the holder of a disabled parking placard. and Therefore, the enumerated conditions identified *supra* relate to Plaintiff's legally recognized disability because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, relate to the safety of the accessible path to the accessible entrance, and because a van accessible space may be used by the driver of a vehicle other than a van.

21.   As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use the Property has been significantly impeded. More specifically, the conditions which were related to Plaintiff's legally recognized disabilities interfered with his full and equal enjoyment of the Property because he was required to ambulate across an excessively sloped accessible pathway to the accessible entrance causing him unnecessary difficulty and subjecting him to unnecessary risk while using his cane.; Ffurther, the presence of these conditions

6
COMPLAINTFIRST AMENDED COMPLAINT

Formatted: Font color: Text 1

Formatted: Default, Indent: Left:  0", First line:  0.5", Add space between paragraphs of the same style, Line spacing:  Exactly 24 pt, Tab stops: Not at  0"

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

deters Plaintiff from returning while using his Rollator walker or wheelchair until such time as the Property is rendered accessible; The condition of the floor and ground surfaces had the same effect on Plaintiff.; The excessively steep ramp, which also lacks one of the ADAAG required railings, necessitated thatrequired Plaintiff to ambulate up and down an excessively sloped ramp to and from the accessible entrance, causing him unnecessary difficulty and subjecting him to unnecessary risk while using his cane.; Ffurther, tThe presence of these conditions deters Plaintiff from returning while using his Rollator walker or wheelchair until such time as the Property is rendered accessible.; The condition of the faucet knobs in the men's water closet, which caused Plaintiff unnecessary difficulty while using the sink, asnd well as the other enumerated conditions in the men's water closet, in particular the lack of space, deter Plaintiff from returning while using his cane, Rollator walker or wheelchair until such time as the Property is rendered accessible.

22.   Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23.   Plaintiff intends to return to the Property for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Defendants cease evading their responsibilities under federal and state law.

20.24. Plaintiff would also like to return to the location given its close proximity to the City of Los Angeles with its many attractions as well as the coastal areas frequented by Plaintiff and his fiancé.  Plaintiff and his fiancé also desire to enjoy the food at the Saigon Dish restaurant, which is a highly rated destination for authentic Vietnamese food.

21.   As an individual with a mobility disability who at times is dependent upon a mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

7
COMPLAINTFIRST AMENDED COMPLAINT

22.   Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

As a result of his difficulty, humiliation, and frustration because of the inaccessible condition of the facilities of the Business, Plaintiff did not fully access the Business or Property.  However, Plaintiff would like to return to the location given its close proximity to an area he frequents from time to time. As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

23.25.Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

24.26.The defendants Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25.27.The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28.   Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disabilities.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.

Formatted: Font: Not Italic

Formatted: Font color: Auto

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

1   However, please be the Defendants are on notice that Plaintiff seeks to have all

2   barriers related to their disabilities remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th

3   Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to

4   have all barriers that relate to his disability removed regardless of whether he

5   personally encountered them).

6          29.   Defendants were sued for substantially similar violations of the ADA

7   and UCRA in an action styled *Chris Langer v. East Valley Parkway Mall, LLC et al*

8   in December of 2015 (SDCA Case No. 15CV2960) (the "Prior Action").  The Prior

9   Action settled in April of 2016 and the parties' joint motion to dismiss was granted.

10  On information and belief, the settlement of the Prior Action required the settling

11  Defendants to make the Property accessible within the meaning of federal and state

12  law.  Nonetheless, the parking at the Property continues to be maintained in an

13  inaccessible condition.

14         26.30. Given the obvious and blatant violation alleged hereinabove, Plaintiff

15  alleges, on information and belief, that the failure to remove these barriers was

16  intentional because: (1) the Prior Action put Defendants on notice of the barriers at

17  the Property and of their legal obligations and Defendants agreed to remediate the

18  access barriers at the Property as part of the agreed resolution of the Prior Action; (2)

19  these particular barriers are intuitive and obvious; (3) the Defendants exercised

20  control and dominion over the conditions at this location, and therefore, (4) the lack

21  of accessible facilities was not an accident because had the Ddefendants intended

22  any other configuration, they had the means and ability to make the change.

23         27.   Given the obvious and blatant violation alleged hereinabove, Plaintiff

24  alleges, on information and belief, that the failure to remove these barriers was

25  intentional because: (1) these particular barriers are intuitive and obvious; (2) the

26  defendants exercised control and dominion over the conditions at this location, and

27  therefore, (3) the lack of accessible facilities was not an  accident because had the

28  defendants intended any other configuration, they had the means and ability to make

9

COMPLAINTFIRST AMENDED COMPLAINT

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

1  the change.

2  28.31. Without injunctive relief, plaintiff Plaintiff will continue to be unable to

3  fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**

**42 U.S.C. § 12181 _et seq_. as amended by the ADA Amendments Act of 2008**

**(P.L. 110-325)**

8  29.32. Plaintiff re-alleges and incorporates by reference all paragraphs alleged

9  above and each and every other paragraph in this ComplaintFirst Amended

10  Complaint necessary or helpful to state this cause of action as though fully set forth

11  herein.

12  30.33. Under the ADA, it is an act of discrimination to fail to ensure that the

13  privileges, advantages, accommodations, facilities, goods, and services of any place

14  of public accommodation are offered on a full and equal basis by anyone who owns,

15  leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

16  Discrimination is defined, inter alia, as follows:

17  a.    A failure to make reasonable modifications in policies, practices,

18       or procedures, when such modifications are necessary to afford

19       goods, services, facilities, privileges, advantages, or

20       accommodations to individuals with disabilities, unless the

21       accommodation would work a fundamental alteration of those

22       services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

23  b.    A failure to remove architectural barriers where such removal is

24       readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

25       defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

26       Appendix "D".

27  c.    A failure to make alterations in such a manner that, to the

28       maximum extent feasible, the altered portions of the facility are

10

COMPLAINTFIRST AMENDED COMPLAINT

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

readily accessible to and usable by individuals with disabilities,
including individuals who use wheelchairs, or to ensure that, to
the maximum extent feasible, the path of travel to the altered area
and the bathrooms, telephones, and drinking fountains serving
the area, are readily accessible to and usable by individuals with
disabilities.  42 U.S.C. § 12183(a)(2).

31.34. Any business that provides parking spaces must provide accessible parking spaces.  1991 Standards § 4.1.2(5).  2010 Standards § 208.  Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces.  Id.  No more than a 1:48 slope is permitted.  Standards § 502.4.

32.35. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

33.36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

37.   Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

34.38. Upon being informed that the public place of accommodation has become fully and equally accessible, Plaintiff will return within 45 days as a "tester" for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement*

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

*Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

~~35.~~39. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this ~~Complaint~~First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

~~36.~~40. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

~~37.~~41. Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).) These violations are ongoing.

~~38.~~42. Defendants' actions constitute ~~intentional~~ discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq.* Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to Plaintiff as above alleged. Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not**

Formatted Table

Field Code Changed

Formatted: Font: 12 pt

1  **seeking injunctive relief under the Disable Persons Act at all.**

2        2.      An award of actual damages and statutory damages of not less than

3  $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for

4  each time he visits an establishment that contains architectural barriers that deny the

5  Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.*

6  (2005) 431 F.Supp.2d 1088, 1091.)

7        3.      An additional award of $4,000.00 as deterrence damages for each

8  violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist.

9  LEXIS 150740 (USDC Cal, E.D. 2016);

10        4.      For reasonable attorneys' fees, litigation expenses, and costs of suit,

11  pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

12  ////

13  ////

14  ////

15  ////

16  ////

17  ////

18  4.   ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25                      **DEMAND FOR JURY TRIAL**

26        Plaintiff hereby respectfully request a trial by jury on all appropriate issues

27  raised in this ~~Complaint~~First Amended Complaint.

28

13

~~COMPLAINT~~FIRST AMENDED COMPLAINT

> Formatted: No bullets or numbering

> Formatted Table

> Field Code Changed

> Formatted: Font: 12 pt

Dated: July 22, 2019          **MANNING LAW, APC**

                              By: /s/ Joseph R. Manning Jr., Esq.
                                  Joseph R. Manning Jr., Esq.
                                  Michael J. Manning, Esq.
                                  Craig G. Côté, Esq.
                                  ~~Osman M. Taher, Esq.~~
                                  -Attorneys for Plaintiff



**Formatted Table**

**Field Code Changed**

**Formatted:** Font: 12 pt

14

~~COMPLAINT~~FIRST AMENDED COMPLAINT